**BROWN KWON & LAM LLP**

Brown Kwon & Lam LLP
Attorneys at Law
521 Fifth Avenue, 17th Floor
New York, NY 10175
Tel.: (718) 971-0326
Fax: (718) 795-1642
Email: info@bkllawyers.com

Writer's Direct:  clam@bkllawyers.com
(646) 249-5578

<u>Via ECF</u>  November 17, 2020
The Honorable Sarah Netburn, U.S.M.J.
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

      Re:    *Perovic v. Lovelace Tavern, LLC, et al.*
              <u>Case No.: 20-cv-1340(SN)</u>

Dear Judge Netburn,

This firm represents ALEKSANDRA PEROVIC ("Plaintiff") in the above-referenced matter. We write to respectfully submit the Parties' Settlement Agreement, attached hereto as **Exhibit A**, for judicial approval and subsequent dismissal of the matter with prejudice. Defendants consent to this motion.

Pursuant to *Cheeks*, we seek Court approval of the settlement amount for Plaintiff's wage-related claims for $12,500.00. *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015).

## BACKGROUND

On February 14, 2020, Plaintiff filed the above-referenced matter as a class and collective action, alleging claims for unpaid wages, among others, pursuant to the Fair Labor Standards Act, as amended ("FLSA") and the New York Labor Law ("NYLL"). Defendants answered on July 31, 2020. Pursuant to Judge Liman's Order, the parties were referred to Court-annexed mediation through the S.D.N.Y. Mediation Program. The Parties scheduled and attended their first mediation on September 14, 2020. The Parties then scheduled and attended a second mediation on September 22, 2020, during which the Parties reached a settlement in principle.

    **I.**    **Legal Standard**

Pursuant to *Cheeks*, parties may not settle FLSA claims with prejudice absent either judicial approval or Department of Labor approval. *Cheeks*, 796 F.3d at 206. In order to determine whether a proposed settlement is fair and reasonable, Courts consider the totality of circumstances, including the following factors: "(1) the plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced

by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud of collusion." *Wolinsky v. Scholastic Inc.,* 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). Moreover, because courts are "not in as good a position as the parties to determine the reasonableness of an FLSA settlement," there is a "strong presumption in favor of finding a settlement fair." *Lliguichuzcha v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013).

### II. The Court Should Approve the Settlement

   a. Plaintiff's Range of Possible Recovery

Here, the settlement amount is $12,500.00. *See* **Exhibit A.** Assuming a best-case scenario, Plaintiff's damage liability analysis amounts to $12,568.00, including liquidated damages and statutory damages. *See* **Exhibit B.** This damage liability analysis assumes that Plaintiff worked every day for the maximum number of hours alleged by Plaintiff in her Complaint, and that Plaintiff would prevail on each of her wage-related claims. Based on Plaintiff's damage liability analysis, her total unpaid wages is $3,584.00, of which $600.00 is for alleged unpaid training days and $2,984.00 is for alleged unpaid minimum wage, unpaid spread of hours, and unpaid wages due to time-shaving. Her claimed liquidated damages amount to 100% of her back wages ($3,584.00) and the claimed statutory damages amount to a total of $5,400.00, given Plaintiff's brief employment with Defendants.

The settlement amount of $12,500.00 represents a 99% recovery of Plaintiff's best-case scenario, including liquidated damages and statutory damages under the Wage Theft Prevention Act. As such, this is a *significant* recovery, nearly 100% of her full recovery based on Plaintiff's best-case scenario. As such, the settlement amount is fair and reasonable.

   b. Litigation Costs and Risks

Given Plaintiff's near 100% recovery of her best-case scenario in the Settlement Agreement, continuation of litigation will be burdensome. As the parties are in the early stages of litigation, having settled at Court-annexed S.D.N.Y. Mediation following a telephonic Initial Conference before Judge Liman, if the Parties were to continue with litigation, the Parties would have to respond to formal discovery requests, conduct depositions, and engage in extensive motion practice.

Here, where Defendants are willing to settle for close to 100% of Plaintiff's alleged damages, including liquidated and statutory damages, Plaintiff bears a significant risk that her recovery would be significantly reduced. For example, Defendants deny liability as to some or all of the wage-related claims and assert that they acted in good faith, and as such, if a factfinder agrees, Plaintiff would be precluded from recovering alleged unpaid wages or liquidated damages. Another risk is Plaintiff's allegation seeking recovery of unpaid wages due to time-shaving. Such a claim relies heavily on deposition testimony, which would require extensive testimony to determine whether Plaintiff was indeed time-shaved, and if so, for how many minutes per workday or how many hours per workweek. Such a determination is costly, requires extensive litigation, and would result in a further reduction of Plaintiff's recovery if a factfinder determines that Plaintiff was not time-shaved or if she were time-shaved for less time than alleged in her Complaint.

For the foregoing reasons, the Parties believe that the settlement amount is fair and reasonable. Plaintiff is able to obtain a significant recovery of her alleged damages without the burden of further litigation and trial. As is set forth in the Agreement, Defendants agreed to the settlement in order to avoid the anticipated burden and expense of further discovery and the fee-shifting nature of FLSA cases and believe that the settlement is fair and reasonable in light of that purpose.

    c. <u>Arm's-Length Bargaining and Lack of Collusion</u>

The settlement was reached through arm's-length negotiations over the course of two mediations with a court-assigned mediator through the Court-annexed S.D.N.Y. Mediation Program. Moreover, both Parties' counsel have significant experience with wage and hour claims. Also, there is clearly a lack of fraud or collusion as the settlement amount represents nearly 100% of Plaintiff's alleged damages, including liquidated and statutory damages.

    d. <u>The Settlement Agreement is Fair and Reasonable</u>

In addition to the foregoing, the Court should approve the settlement as the agreement does not contain provisions that Courts in the Second Circuit have regularly found problematic in approving settlements pursuant to the FLSA. *Cheeks*, 796 F.3d at 206; *Gurung v. White Way Threading LLC,* 226 F. Supp. 3d 226, 228 (S.D.N.Y. Dec. 8, 2016). The Settlement Agreement neither contains an overly broad release, nor a confidentiality provision. Counsel for Plaintiff also only seeks attorney's fees of one-third, which is typical of FLSA cases. *Cheeks*, 796 F.3d at 206.

**III.    The Attorney's Fees and Costs are Reasonable**

Plaintiff further seeks approval of Plaintiff's Counsel's attorney's fees and costs. Plaintiff's retainer is on a contingency-fee basis and sets forth attorney's fees as one-third of the net settlement amount. Therefore, of the $12,500.00 settlement amount, Plaintiff's Counsel seeks approval of a total of $4,433.33, which includes costs of $400 for the filing fee and one-third of the net settlement amount of $4,033.33 for attorney's fees. Plaintiff's Counsel's portion of attorney's fees of $4,033.33 is one-third of the settlement amount after first taking costs off the top. *See Leon v. Univ 45 Fruit & Vegetable Corp.*, 2020 U.S. Dist. LEXIS 48716, at *5 (S.D.N.Y. Mar. 20, 2020)(finding the amount of the fee award reasonable where the "attorneys' fees amount is approximately 33% of the [] settlement amount after costs).

Following *Fisher v. S.D. Prot. Inc.,* the Second Circuit has reiterated that "'the most critical factor' in determining the reasonableness of a fee award 'is the degree of success obtained.'" 948 F.3d 593, 606-7 (2d Cir. 2020), citing *Farrar v. Hobby*, 506 U.S. 103, 114 (1992)(internal citations omitted). The Court in *Fisher* also held that there is no proportionality limit. *Fisher*, 948 F.3d at 603 ("Neither the text nor the purpose of the FLSA, however, supports imposing a proportionality limit on recoverable attorneys' fees."). Here, Plaintiff's Counsel's request for attorney's fees is fair and reasonable as Plaintiff and Plaintiff's Counsel have contracted for attorney's fees of one-third of the net settlement amount in the retainer and Plaintiff's Counsel has worked without compensation to date. Plaintiff also achieved a near 100% recovery of her alleged damages under the FLSA and NYLL, which included liquidated and statutory damages. While there is no proportionality, Plaintiff's Counsel's requested fees are below that of their lodestar. *See* **Exhibit C**. Lastly, the requested fee, of one-third of the net settlement amount, was typically approved as

fair and reasonable in a majority of FLSA cases. *Acosta v. Prudent Mgmt., LLC*, 2020 U.S. Dist. LEXIS 131225, at *5 (S.D.N.Y. July 23, 2020); *see also Pinzon v. John Food Corp.*, 2018 U.S. Dist. LEXIS 87424, at *3 (S.D.N.Y. May 24, 2018).

*  *  *

For the foregoing reasons, Plaintiff respectfully requests that the Court approve the attached Settlement Agreement and dismiss the above-referenced matter with prejudice.

We thank the Court for its time and consideration.


Sincerely,

/s/ *Clara Lam*
Clara Lam, Esq. (CL6399)